**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 14-4318**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

DONNIE COLLINS,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  Gina M. Groh, District Judge. (3:13-cr-00044-GMG-JES-1)

———————

Submitted:  September 15, 2014    Decided:  September 25, 2014

———————

Before KEENAN and WYNN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Nicholas J. Compton, Assistant Federal Public Defender, Kristen M. Leddy, Research and Writing Specialist, Martinsburg, West Virginia, for Appellant.  William J. Ihlenfeld, II, United States Attorney, Paul T. Camilletti, Assistant United States Attorney, Martinsburg, West Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Donnie Collins pled guilty in accordance with a written plea agreement to possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1) (2012), and was sentenced as an armed career criminal to 188 months in prison. He now appeals his sentence, raising two issues. We affirm.

Collins first claims that he was improperly found to be an armed career criminal. Under the Armed Career Criminal Act (ACCA), if a defendant is convicted of violating § 922(g)(1) and has sustained three prior convictions for violent felonies or serious drug offenses committed on occasions different from one another, the defendant is subject to a mandatory minimum sentence of fifteen years. 18 U.S.C. § 924(e)(1) (2012). "We review legal issues such as whether a defendant's previous conviction counted as an ACCA predicate de novo, . . . and we review factual findings for clear error." United States v. Washington, 629 F.3d 403, 411 (4th Cir. 2011).

We hold that Collins was properly found to be an armed career criminal. He was convicted of serious drug offenses occurring on May 13, 2004, June 18, 2004, and September 6, 2006. The fact that he was apparently sentenced for the 2004 offenses on the same date is irrelevant for purposes of determining armed career criminal status. See United States v. Samuels, 970 F.2d 1312, 1315 (4th Cir. 1992).

2

Collins additionally contends that his sentence is unreasonable.  We review a sentence for reasonableness, applying "an abuse-of-discretion standard."  Gall v. United States, 552 U.S. 38, 51 (2007).  In so doing, we examine the sentence for "significant procedural error."  Id.  If there is none, we "consider the substantive reasonableness of the sentence . . . , tak[ing] into account the totality of the circumstances."  Id.

Upon a thorough review of the sentencing proceedings, we conclude that Collins' sentence is procedurally reasonable and that he failed to rebut the presumption of substantive reasonableness afforded his within-Guidelines sentence.  See United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (explaining presumption of reasonableness).

We accordingly affirm.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED